# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCHESU MINOR,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **18th DISTRICT,** *et al.* | : | **NO. 18-825** |
| *Defendants.* | : | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                                 **APRIL 27, 2018**

In this civil action, Plaintiff Marchesu Minor, a prisoner incarcerated at the Riverside Correctional Facility, brings claims against: (1) 18th District (a district of the Philadelphia Police Department); (2) Josephine Minor (her mother); (3) Andrew Shaw (her former attorney); and (4) Consortium (identified as a Mental Health Facility).[1] Ms. Minor seeks to proceed *in forma pauperis*. For the following reasons, Ms. Minor motion to proceed *in forma pauperis* is **GRANTED**, and her Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.     FACTS

The Complaint is somewhat difficult to understand based on the manner in which it is pled. In general, Ms. Minor appears to be claiming that her mother does not care about her and subjects her to abuse, and that she has sustained various injuries in falls and as a result of fights with her mother. It appears that she retained Mr. Shaw to represent her in connection with personal injury claims and a landlord-tenant dispute, but that Mr. Shaw ultimately terminated the

---

[1] As plaintiff shares a surname with her mother, the Court clarifies that the use of "Ms. Minor" throughout this Memorandum refers to Plaintiff Marchesu Minor.

attorney-client relationship.  Ms. Minor has twice been arrested for assault and other charges, apparently stemming from disputes between her and her mother.

Ms. Minor attached a letter from Mr. Shaw to the Complaint, in which he stated that:

> In light of your voluminous encounters with the legal system, both civil and criminal and based upon your penchant to request legal assistance from this office and then refusing to pay for same, be advised that this office has decided that it no longer wishes to represent you on any matter – whether pending or in the future.

(Compl. ECF No. 1-1, at 14.)[2]  The letter also informed Ms. Minor that the "statute of limitations on [her] current 'personal injury' claim against The Consortium will expire on 1/06/19." (*Id.*)

Ms. Minor's relationship to the Consortium is unclear, although the Complaint implies that she is receiving mental health services from the Consortium as she notes that a Consortium Supervisor advised her to move and references a P.C.A., which might refer to a personal care assistant. (*Id.* at 8-9.)  Ms. Minor also claims that, at some point, she was "assaulted by the guard at Consortium." (*Id.* at 9.)

Returning to Mr. Shaw, Ms. Minor responded to him via letter, a copy of which is also attached to the Complaint.  The letter suggests that Ms. Minor believes Mr. Shaw developed a conflict of interest and reflects that Mr. Shaw did not believe her assertion that her mother fell in what appears to have been one of the many incidents for which Ms. Minor sought counsel.  The Complaint also alleges that Ms. Minor sustained injuries at a bus stop "21/20 days after 1-6-17 while being victim to Josephine Minor's helplessness and Takishia Minor's verbal attacks." (*Id.* at 3.)  The basis for Ms. Minor's claims against Mr. Shaw in the instant lawsuit stem primarily from an alleged "violation of attorney client relationship as the attorney is in place to protect his client." (*Id.* at 7.)

---

[2] The Court uses the pagination assigned to the Complaint by the CM-ECF system.

Ms. Minor also appears to take issue with her recent arrests. A review of state court dockets reflects that Ms. Minor was recently arrested and prosecuted in the Philadelphia Municipal Court for assault and other charges in connection with two incidents that occurred in 2017. *See Commonwealth v. Minor*, Docket Nos. MC-51-CR-0037973-2017 & MC-51-CR-0001900-2017. The charges in the first criminal matter were dismissed either for lack of evidence or for failure to prosecute. *See Commonwealth v. Minor*, Docket No. MC-51-CR-0001900-2017. The charges, which included assault, were based on an offense that occurred on January 19, 2017. *See id.*. It is possible, though unclear, that the incident underlying Ms. Minor's arrest is the same incident that underlies her allegations about being injured at a bus stop.

Ms. Minor further alleges that she was "falsely arrested evicted and draging [sic] clothes, dog & Josephine Minor [her mother] every where she went." (Compl. ECF No. 1-1 at 4.) It appears that police got involved during the underlying incident (as well as others). Ms. Minor contends that:

> victim's officer of the 18th assasignated [sic] Marchesu Minor character with verbal insult 1-28-17 as she had advised P.C.A to deal with 9th's assault on mom 1-9-17. Then mom falls over a bag of concrete as I'm leaving therapy 1-26-17. Yet I've been arrested for elderly abuse on mom.

(*Id.*; *see also id.* at 10 (further discussing January 28, 2018 incident) & 18 (complaining of the matter to Internal Affairs).) It also appears that Ms. Minor believes that police officers did not do enough to help her situation in light of her allegations that she "watch[ed] the police laugh as they used [her] situation to allow robbery, burglary, terroristic threat intimidation and abuse . . . ." (*Id.* at 11; *see id.* ("District Attorney Office couldn't assist improper police reports failed to even protect the elderly laws.")).

In the second case, two of six charges brought against Ms. Minor were dismissed for lack of evidence. *See Commonwealth v. Minor*, Docket No. MC-51-CR-0037973-2017. Ms. Minor proceeded to trial on the remaining counts; she was acquitted of unlawful restraint and false imprisonment, and found guilty of recklessly endangering another person and simple assault. *Id.* She was sentenced to six to twenty-three months of incarceration with instructions following a mental health evaluation that she should be immediately paroled to an inpatient program when a bed is available.[3] *Id.* Ms. Minor appears to be challenging that arrest as well, and she alleges in her Complaint that she is a "victim in her own home shared with mom." (Compl. ECF No. 1-1 at 8.) It is not clear what relief Ms. Minor seeks from this Court.

## II. STANDARD OF REVIEW

The Court grants Ms. Minor leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This provision requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by

---

[3] The Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." "In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17 to determine whether a guardian or other representative should be appointed] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, No. CV 16-0812 JB/SCY, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey that "a district court may sua sponte dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").

[4] However, as Ms. Minor is a prisoner, she will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Ms. Minor is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The Court construes the Complaint as primarily attempting to raise constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Ms. Minor's claims, however, fail for the following reasons.

#### A. Claims Against the 18th District

A police department is not a proper defendant in a § 1983 action because it "lacks an identity separate from the municipality of which it is a part." *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); *see also* 53 Pa. Cons. Stat. § 16257; *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005). Accordingly, the Court must dismiss Ms. Minor's claims against the 18th District. Even if Ms. Minor had sued the City, she has not stated a basis for municipal liability which must be based on a policy or custom to state a claim under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal

liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").

Ms. Minor's claims against the 18th District also fail substantively. Those claims appear to be based primarily on Ms. Minor's arrests and her dissatisfaction with how the police handled the situation with her and her mother. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that she was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Here, Ms. Minor has not alleged sufficient facts to support a plausible claim that she was falsely arrested. She has not alleged what aspect of the arrest she challenges and why the events that occurred did not provide probable cause for the arresting officer to arrest her.[5] *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

---

[5] The same is true if Ms. Minor is also challenging her prosecution. Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Accordingly, Ms. Minor may not proceed on civil rights claims challenging the charges for which she was convicted because those convictions remain intact.

Further, if Ms. Minor is trying to bring claims based on a failure to investigate her allegations or prosecute alleged crimes of which she is the victim, her claims also fail. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Likewise, a disagreement with how officers spoke to her does not give rise to a claim.

### B. Claims Against the Remaining Defendants

Ms. Minor's claims against the remaining Defendants—her mother, Mr. Shaw, and the Consortium—also fail. Nothing in the Complaint provides a basis for concluding that those Defendants are state actors, so § 1983 does not apply to them. Nor is any other plausible basis for a federal claim conceivable against Defendants based on the allegations in the Complaint.

It is possible, however, that Ms. Minor intended to bring claims against those Defendants under state law. In that case, 28 U.S.C. § 1332(a) provides the only independent basis for this Court's jurisdiction over any such claims.[6] Section 1332 grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel,* 386 F. App'x 308, 309 (3d Cir. 2010). The domicile of a

---

[6] As the Court has dismissed Ms. Minor's federal claims, it will not exercise supplemental jurisdiction over any state law claims.

corporation is the state in which it is incorporated as well as the state in which it has its primary place of business. 28 U.S.C. § 1332(c)(1).

Here, although the Complaint does not allege the citizenship of the parties, it suggests that they are not completely diverse. Additionally, it is not clear from the Complaint whether the amount in controversy exceeds the jurisdictional threshold. Accordingly, there is no basis for jurisdiction over Ms. Minor's state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ms. Minor's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Ms. Minor an opportunity to file an amended complaint in the event she can state a plausible claim against an appropriate defendant or defendants. An appropriate order follows.