IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCHESU MINOR,
    *Plaintiff,*

v.

18th DISTRICT, *et al.*
    *Defendants.*

CIVIL ACTION NO. 18-CV-825

# MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                          **MAY 16, 2018**

In this civil action, Plaintiff Marchesu Minor ("Minor"), a prisoner incarcerated at the Riverside Correctional Facility, brings claims against: (1) the 18th District (a district of the Philadelphia Police Department); (2) Josephine Minor (her mother); (3) Andrew Shaw (her former attorney); and (4) The Consortium (identified as a Mental Health Facility).[1] In a Memorandum and Order entered on the docket April 27, 2018, the Court granted Minor leave to proceed *in forma pauperis* and dismissed, without prejudice, her complaint for failure to state a claim to her filing an amended complaint. Thereafter, Minor filed a "Response," which the Court will construe as an Amended Complaint. For the following reasons, the Court will dismiss Minor's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS

In her initial complaint, Minor appeared to be claiming that her mother does not care about her and subjects her to abuse, and that she sustained various injuries in falls and fights with

---

[1] As plaintiff shares a surname with her mother, the Court clarifies that the use of "Minor" throughout this Memorandum refers to Marchesu Minor.

1

her mother. Apparently, Minor retained Mr. Shaw to represent her in connection with personal injury claims and a landlord-tenant dispute, and that Mr. Shaw ultimately terminated the attorney-client relationship. Minor has twice been arrested for assault and other charges, apparently stemming from disputes between her and her mother.

Minor attached a letter from Mr. Shaw to the complaint, in which he wrote that:

> In light of your voluminous encounters with the legal system, both civil and criminal and based upon your penchant to request legal assistance from this office and then refusing to pay for same, be advised that this office has decided that it no longer wishes to represent you on any matter – whether pending or in the future.

(Compl. ECF No. 1-1, at 14.)[2] The letter also informed Minor that the "statute of limitations on [her] current 'personal injury' claim against The Consortium will expire on 1/06/19." (*Id.*)

Minor's relationship to The Consortium is unclear; although the complaint implied that she has been receiving mental health services from The Consortium. Minor also claimed that, at some point, she was "assaulted by the guard at Consortium." (*Id.* at 9.)

Minor responded to Mr. Shaw via letter, a copy of which was also attached to the complaint. The letter suggested that Minor believed that Mr. Shaw developed a conflict of interest and reflected that he did not believe her assertion that her mother fell in what appears to have been one of the many incidents for which Minor sought counsel. The complaint also alleged that Ms. Minor sustained injuries at a bus stop "21/20 days after 1-6-17 while being victim to Josephine Minor's helplessness and Takishia Minor's verbal attacks." (*Id.* at 3.) The bases for Ms. Minor's claims were primarily based on an alleged "violation of attorney client relationship as the attorney is in place to protect his client." (*Id.* at 7.)

---

[2]  The Court uses the pagination assigned to the complaint by the CM-ECF system.

Minor's complaint also appeared to take issue with her recent arrests. A review of state court dockets reflected that Minor was recently arrested and prosecuted in the Philadelphia Municipal Court for assault and other charges in connection with two incidents that occurred in 2017. *See Commonwealth v. Minor*, Docket Nos. MC-51-CR-0037973-2017 & MC-51-CR-0001900-2017. The charges in the first criminal matter were dismissed for reasons unclear, either for lack of evidence or for failure to prosecute. *See Commonwealth v. Minor*, Docket No. MC-51-CR-0001900-2017. The charges, which included assault, were based on an offense that occurred on January 19, 2017. *See id.* It is possible, though uncertain, that the incident underlying Minor's arrest is the same incident underlying her allegations about being injured at a bus stop.

Minor alleged that she was "falsely arrested evicted and draging [sic] clothes, dog & Josephine Minor [her mother] every where [sic] she went." (Compl. ECF No. 1-1 at 4.) It appears that police officers were involved during the underlying incident (as well as others). Minor further contends that:

> victim's officer of the 18th assasignated [sic] Marchesu Minor character with verbal insult 1-28-17 as she had advised P.C.A to deal with 9th's assault on mom 1-9-17. Then mom falls over a bag of concrete as I'm leaving therapy 1-26-17. Yet I've been arrested for elderly abuse on mom.

(*Id.*; *see also id.* at 10 (further discussing January 28, 2018 incident) and 18 (complaining of the matter to Internal Affairs).) The complaint also reflected Minor's belief that the police officers did not do enough to help her, in light of her allegations that she "watch[ed] the police laugh as they used [her] situation to allow robbery, burglary, terroristic threat intimidation and abuse . . . ." (*Id.* at 11; *see id.* ("District Attorney Office couldn't assist improper police reports failed to even protect the elderly laws.").)

3

In the second criminal case against Minor, two of six charges were dismissed for lack of evidence. *See Commonwealth v. Minor*, Docket No. MC-51-CR-0037973-2017. Minor proceeded to trial on the remaining counts and was acquitted of unlawful restraint and false imprisonment and found guilty of recklessly endangering another person and simple assault. *Id.* She was sentenced to six to twenty-three months of incarceration with instructions following a mental health evaluation that she should be immediately paroled to an inpatient program when a bed is available.[3] *Id.* Minor's initial complaint appeared to be challenging that arrest as well.

After granting Minor leave to proceed *in forma pauperis*, this Court dismissed her complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. Specifically, this Court concluded that: (1) Minor could not sue the 18th District because a police department is not an entity that is suable separately from the City; (2) in any event, Minor had not alleged a municipal policy or custom that led to a violation of her constitutional rights; (3) Minor failed to allege sufficient facts establishing that she was falsely arrested; (4) Minor could not state a claim based on any alleged failure to investigate or prosecute crimes, or based on how officers spoke to her; (5) Minor's mother, Mr. Shaw, and the Consortium are not state actors subject to liability

---

[3] The Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." "In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17 to determine whether a guardian or other representative should be appointed] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (*per curiam*) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, No. CV 16-0812 JB/SCY, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey that "a district court may *sua sponte* dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").

under § 1983 and the complaint failed to establish a basis for diversity jurisdiction over any state law claims. As noted, the Court provided Minor an opportunity to amend her claims.

Minor's "Response," like her initial complaint, is difficult to understand based on the manner in which it is pled, although Minor makes clear that she is bringing her claims pursuant to 42 U.S.C. § 1983. Again, these claims appear to stem from a volatile relationship with her mother and her dissatisfaction with law enforcement's response to incidents between her and her mother. Her claims also appear to be based on her dissatisfaction with Mr. Shaw's handling of alleged personal injury claims, some of which appear to include incidents with her mother.

In her Response, which this Court has construed as an Amended Complaint, Minor appears to be indicating that she filed four complaints in state court about the conduct of law enforcement from January 7, 2017 through December 23, 2017. Those complaints were apparently dismissed. Regarding her allegations against law enforcement, Minor claims that "police failed to uphold the law and assisted in evicting 82 yr old Josephine Minor to victimize Marchesu Minor" and that "Magistrate Court refused P.F.A. on 5-1-17 against Abdul Hunter." (Response, ECF No. 14, at 2.)

As in her initial complaint, Minor contends in the Amended Complaint that she is a victim of her mother's abuse. She also alleges that:

> Police were so outrageous insulting 52 yr old Marchesu Minor the 24 yr old cotenant lied claiming plaintiff swang [sic] an axe on Jan. 19, 2017 as Police didn't respect the defamation of their . . . opinion of Marchesu Minor.

(*Id.* at 3.) Although unclear, it appears that the "defamation" in question may concern thirty-six police reports related to incidents involving Minor. (*See id.*; *see also id.* at 1 (noting that "[o]n 4-25-18 as 36 911 calls provided no justice[e] to property plaintiff owner petitioner").)

Minor reasserts her allegations about Mr. Shaw having previously represented her and apparently, in her opinion, having mishandled her cases. Minor attached to her Amended Complaint a copy of an order issued by Judge Idee Fox dismissing a case Minor filed against the City of Philadelphia, in the Philadelphia Court of Common Pleas. She also attached to her Amended Complaint a copy of the same letter from Mr. Shaw that was attached to her initial complaint.

Minor adds that "there is no statute of limitation under the statute of filing a complaint within the two years." (Response at 1.) She also claims that the "above named defendant's of 18th District moral turpitude in [her] interest was violated under personal injury and the right to have justice served on her behalf from law enforcement of Philadelphia." (*Id.*) As with her initial complaint, it is not clear what relief Minor seeks from this Court.

## II. STANDARD OF REVIEW

As Minor is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This statute requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Minor is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands Minor to be attempting to raise claims pursuant to 42 U.S.C. § 1983. This, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Based on a careful review of the Amended Complaint, Minor has failed to state a valid claim in her Amended Complaint for the same reasons her initial complaint failed to state a claim.

### A. Claims Against the 18th District

A police department is not a proper defendant in a § 1983 action because it "lacks an identity separate from the municipality of which it is a part." *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); *see also* 53 Pa. Cons. Stat. § 16257; *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005). Accordingly, this Court must dismiss Minor's claims against the 18th District. Even if Minor had sued the City, she has not stated a basis for municipal liability which must be based on either a policy or custom to state a claim under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").

Minor's claims against the 18th District also fail substantively. Those claims appear to be based primarily on Minor's arrests and her dissatisfaction with how the police handled the situation with her and her mother. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that she was arrested without probable cause. *See*

*Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Here, Minor has failed to allege sufficient facts to support a plausible claim that she was falsely arrested. She has not alleged what aspect of the arrest she challenges and why the events that occurred did not provide probable cause for the arresting officer to arrest her.[4] *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

If Minor is trying to bring claims based on a failure to investigate her allegations or prosecute alleged crimes of which she is the victim, her claims also fail. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Likewise, a disagreement with how the police officers spoke to her does not give rise to a claim.

---

[4] The same is true assuming Minor is also challenging her prosecution. Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Accordingly, Minor may not proceed on civil rights claims challenging the charges for which she was convicted because those convictions remain intact.

### B. Claims Against the Remaining Defendants

Minor's claims against the remaining Defendants—her mother, Mr. Shaw, and the Consortium—also fail. Nothing in the Amended Complaint provides a basis for concluding that those Defendants are state actors, therefore, § 1983 does not apply to them. Nor is there any other plausible basis for a federal claim or a state law claim within the Court's jurisdiction conceivable against those Defendants based on the allegations in the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Minor's Amended Complaint is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. Minor was given a prior opportunity to amend the defects in her claims and has not been able to do so. Having reviewed her filings in this case, this Court concludes that further efforts at amendment would be futile. Accordingly, Minor will not be permitted to file a second amended complaint. An appropriate order follows.

**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*